### Ream
v.
### Canton Civil Service Comm'n.
*[Cite as 8 AOA 235]*

Case No. CA-8033
*Stark County, (5th)*
*Decided November 26, 1990*

*David D. Noble, David D. Noble, Lawyers, 1025 Huron Road, Cleveland, Ohio 44115, for Plaintiff-Appellee and Cross-Appellant.*

*Mariella Mestel, Canton Law Department, Canton City Hall, Canton, Ohio 44702, for Defendants-Appellants and Cross-Appellees.*

HOFFMAN, J.

Thomas Ream is plaintiff-appellee cross-appellant and the Civil Service Commission of the City of Canton, et al., are defendants-appellants cross-appellees. Ream will be referred to hereinafter as appellee or by name and the Civil Service Commission as appellant or commission.

As stated *infra,* appellant-commission appeals from three judgment entries filed by the Court of Common Pleas of Stark County, to wit the orders entered November 3, November 30, and December 4, 1989. All three are attached to this Memorandum-Opinion as is a copy of the Stipulation of Facts filed to the trial court (Exhibit A to appellee's brief to this court).

This case originated on September 25, 1989, with Ream filing a complaint for in-junctive relief in the Court of Common Pleas of Stark County. The complaint alleged an August 16, 1989, special meeting of the Canton Civil Service Commission violated Ohio's "Sunshine Law" (R.C. 121.22). Ream, a lieutenant in the Canton Police Department, requested the court to declare null and void the eligibility list for police captain adopted at the meeting, and to rescind the appointments of three captains from that list.

Upon Ream's motion, the court set a hearing on a preliminary injunction for October 13, 1989. The complaint named as defendants only the Civil Service Commission of the City of Canton, Ohio, and James M. Bower, Safety Director of the City of Canton, Ohio. Defendants filed a motion to dismiss declaring that the complaint sought *quo warranto* relief, and therefore the common pleas court was without jurisdiction. Further, the defendants contended all the necessary parties were not before the court.

· The parties submitted stipulation of facts (attached) for the preliminary injunction hearing. On the date of the hearing, two additional defendants intervened, James Myers and Donald Diamond. Myers and Diamond were two of the three newly-appointed captains, referred to *supra.* The court permitted additional testimony at the hearing and requested the parties to submit briefs. The court did not rule on defendants' motion to dismiss.

Ream, the commission, and Bower submitted post hearing briefs. In its order of November 3, 1989, the court permanently enjoined the commission from conducting any special meeting without prior notice of all matters that would be considered at such meetings, ordered the commission to pay a $100 penalty to Ream and reasonable attorney fees. The court concluded it need not reach the issue of subject matter jurisdiction. (fn. 5, November 3, 1989, Order.) The court set a hearing on "award of reasonable attorney fees" for November 16, 1989.

Ream's attorney submitted by affidavit his fee and expense request of $7,362.09. The commission moved to set aside the award of fees. Following a hearing on the matter, the court ordered that Ream "recover from the Commission $3,839.59 together with an additional $100.00" (November 30, 1989, Order) and overruled the commission's motion to set aside the award. (December 4, 1989, Order).

The commission appeals from the orders entered by the Court of Common Pleas cited *supra* and attached hereto.

Appellant raises the following four assignments of error:

"ASSIGNMENT OF ERROR NO. I.
"THE COURT OF COMMON PLEAS DID NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR A COMPLAINT THAT SOUGHT QUO WARRANTO RELIEF EVEN THOUGH THE COMPLAINT WAS STYLED AS ONE FOR INJUNCTION.

"ASSIGNMENT OF ERROR NO. II
"THE CANTON CIVIL SERVICE COMMISSION DID NOT VIOLATE OHIO'S 'SUNSHINE LAW' (R.C. 121.22).

"ASSIGNMENT OF ERROR NO. III
"THE PERMANENT INJUNCTION ISSUED BY THE COURT OF COMMON PLEAS IS UNCONSTITUTIONAL BECAUSE IT IS OVERBROAD AND WILL HAVE A CHILLING EFFECT ON FREE SPEECH.

"ASSIGNMENT OF ERROR NO. IV
"THE AWARD OF ATTORNEY FEES AGAINST THE CIVIL SERVICE COMMISSION WAS IMPROPER BECAUSE THE COMMISSION DID NOT ACT IN BAD FAITH."

By virtue of cross-appeal, Ream raises the following sole assignment of error:

"ASSIGNMENT OF ERROR
"ACTIONS BY A PUBLIC BODY AT A SPECIAL MEETING THAT EXCEED THE PURPOSE STATED IN THE NOTICE OF THE MEETING ARE VOID."

I

This assignment of error is not well taken. It is obvious from the face of the trial court's order in chief (filed November 30, 1989) that the judgment so ordered was not heard as a *quo warranto* action. The court specifically stated (as stated *supra*) that it lacked the "power" to hear the subject matter under *quo warranto*.

This first assigned error is overruled.

II

R.C. 121.22 (Sunshine Law) provides in pertinent part:

"(F) Every public body shall, by rule, establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours advance not ice to the news media that have requested notification, except in the event of an emergency requiring immediate official action. In the event of an emergency, the member or members calling the meeting shall notify the news media that have requested notification immediately of the time, place, and purpose of the meeting.

"The rule shall provide that any person may, upon request and payment of a reasonable fee, obtain reasonable advance notification of all meetings at which any specific type of public business is to be discussed. Provisions for advance notification may include, but are not limited to, mailing the agenda of meetings to all subscribers on a mailing list or mailing notices in self-addressed, stamped envelopes provided by the person.

"...

"(H) A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this sect ion and conducted at an executive session held in compliance with this section.

"(I) (1) Any person may bring an action to enforce the provisions of this section. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.

"(2) If the court of common pleas issues an injunction pursuant to this section, the court may award to the party that sought the injunction all court costs and reasonable attorney's fees and also shall order the public body that it enjoins to pay civil forfeiture of one hundred dollars. If the court of common pleas does not issue an injunction pursuant to this section and the court determines at that time that the bringing of the action was frivolous conduct as defined in division (A) of section 2323.51 of the Revised Code, the court

may award to the public body all court costs and reasonable attorney's fees.

"(3) Irreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of the violation or threatened violation to this section.

"(4) A member of a public body who knowingly violates an injunction issued pursuant to this division may be removed from office by an action brought in the court of common pleas for that purpose by the prosecuting attorney or the attorney general."

Appellant's second assignment of error is well taken. The trial court concluded the commission violated R.C. 121.22 as follows:

"The language of Ohio R.C. Section 121.22(F) is clear that the public body must establish, and comply with, a reasonable method of providing notice of the of all special meetings. The commission failed to provide such notice in the instant case."

(November 3 Order, page 4, emphasis in original).

Reading all the provisions of the statute in *pari materia,* this court concludes the commission was not required to send Ream advance notice. Subsection (F), cited *supra,* clearly requires a person in Ream's status to have recorded his name on the pertinent "subscribers mailing list." As pointed out by appellant, the intent of Subsection (F) is to provide regular notice of the agenda of meetings primarily to the media and to other interested parties on an ongoing basis. The statutory intent is not to provide a party such as Ream the agenda/purpose. That both Ream and his attorney (Noble) received the commission's letter of August 10, 1989 (Exhibit 5 to appellant's brief, also attached to our memorandum-opinion) is undisputed. Therein notice was provided that Ream's "protest" would be heard.

This second assigned error is sustained.

### III

Having ruled as we have under the second assigned error (statutory application and construction), we need not reach any constitutional discussion herein. See *Dupler v. Mansfield Journal* (1980), 64 Ohio St.2d 116, at 125.

This third claim is overruled.

### IV

Based upon our decision on the merits (second assignment of error), the award of attorney fees, properly awarded under the trial court's ruling, is vacated. Because, as a result of this court's decision, appellant commission is no longer the "losing party," we need not discuss R.c. 121.22 (I) (2).

The fourth assignment of error is overruled.

### Cross-Appellant's I

Having determined that the trial court erred in its construction and application of R.C. 122.21, we need not reach this "voidness" question to any great length. When all the competing arguments are distilled, our narrow task is to determine whether the trial court erred in applying the Sunshine Law or not. We have decided the trial court indeed misread same.

Ream's sole assignment of error on cross-appeal is overruled.

Appellant-commission's second assignment of error is sustained. Its other three assigned errors are overruled. Ream's sole assignment of error upon cross-appeal is overruled. The judgment of the Court of Common Pleas of Stark County is reversed.

PUTMAN, P.J., and MILLIGAN, J., concur.